UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH W. GRANVILLE,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN COLVIN,<br><br>    Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. C15-5833RSM<br><br>ORDER ON SOCIAL SECURITY DISABILITY |

## I.    INTRODUCTION

Plaintiff, Joseph W. Granville, brings this action pursuant to 42 U.S.C. §§ 405(g), and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits and Supplemental Security Income disability benefits, under Title II and Title XVI of the Social Security Act.  This matter has been fully briefed and, after reviewing the record in its entirety, the Court REVERSES the Commissioner's decision and REMANDS for further administrative proceedings.

## II.    BACKGROUND

Plaintiff, Joseph W. Granville, protectively filed a Title XVI application for Social Security Income ("SSI") on April 15, 2008, alleging that he has been disabled since December 1, 2007. Tr. 14.  He subsequently filed applications for Title II disability insurance benefits on

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 1

April 23, 2008, and December 31, 2008. Tr. 704. Plaintiff's December 23rd application was escalated and combined with his Title XVI application. Tr. 705. Plaintiff's April 23rd Title II application was denied initially and not further pursued. Tr. 705. Plaintiff's remaining Title II and Title XVI applications were denied initially and on reconsideration. *Id.* Mr. Granville then filed a written request for hearing on December 31, 2008. A video hearing was held on March 26, 2010, before Administrative Law Judge ("ALJ") Greg G. Kenyon. *Id.* On April 21, 2010, the ALJ found Mr. Granville not disabled.[1] Tr. 23. Mr. Granville then filed a request for review, which the Appeals Council denied. Tr. 1-6.

Mr. Granville filed a timely Complaint in this Court on November 2, 2010. Case No. C10-5797RBL, Dkt. #3 (W.D. Wash. Nov.2, 2010). On February 14, 2012, the Honorable Ronald B. Leighton issued an Order reversing the ALJ's decision and remanding Mr. Granville's claims for a new hearing. *Id.*, Dkt. #26; Tr. 402-30. The Appeals Council then issued an order vacating ALJ Kenyon's decision. Tr. 397-400.

On December 18, 2012, a new hearing was held before ALJ Robert P. Kingsley. Tr. 354-96 and 680. On March 11, 2013, the ALJ found Mr. Granville not disabled. Tr. 695. Mr. Granville sought review of the decision, which the Appeals Council accepted. Tr. 704. The Appeals Council included a corrective action to adjudicate the December 31st Title II application, as the Appeals Council and hearings office had erroneously left the application unadjudicated, as noted above. Tr. 705. On April 14, 2015, the Appeals Council found Mr. Granville not disabled. Tr. 708. Mr. Granville then initiated this judicial action.

### III.   JURISDICTION

---

[1] The ALJ incorrectly referenced the April 23rd application as being escalated and combined with the Title XVI application rather than the December 31st application. Tr. 705. As a result, the December 23rd application went unadjudicated. *Id.* The Appeals Council subsequently corrected that failure as noted below.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 2

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## IV.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## V.  EVALUATING DISABILITY

As the claimant, Mr. Granville bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity" (SGA). 20 C.F.R. §§ 404.1520(b), 416.920(b). [2] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or

---

[2] Substantial gainful employment is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R § 404.1572.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 4

mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## VI. ALJ DECISION

Utilizing the five-step disability evaluation process,[3] and adopting the findings or conclusions of the ALJ,[4] the Appeals Council, found:

---

[3] 20 C.F.R. §§404.1520, 416.920.

[4] Both Plaintiff and the Commissioner refer to the analysis and findings of the ALJ, unless otherwise noted, as the Appeals Council adopted all of the ALJ's statements of law and regulations, issues, evidentiary facts, and findings or conclusions. Dkts. #12 at 2 fn 2 and #13 at 2.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 5

**Step one:** Mr. Granville had not engaged in substantial gainful activity since December 1, 2007, the alleged onset date. Tr. 707.

**Step two:** Mr. Granville has medical impairments that caused more than a minimal effect on his ability to perform basic work activities. Specifically, he suffers from the following "severe" impairments: narcolepsy; asthma; bilateral carpal tunnel syndrome; chronic headaches; depression; and history of marijuana use. Tr. 682 and 707.

**Step three:** These impairments were not severe enough to meet the requirements of any listed impairment in Appendix 1, Subpart P, Regulations No. 4. Tr. 684 and 707.

**Residual Functional Capacity:** Mr. Granville has the RFC to perform light work with the following nonexertional limitations: he cannot climb ladders, ropes, or scaffolds; he cannot have even moderate exposure to hazards, including heights, or airborne pollutants; he cannot perform commercial driving; he can occasionally perform fingering tasks; he can perform simple, routine tasks with few, if any, changes in routines or settings. Tr. 685-686 and 707.

**Step four:** Mr. Granville has no past relevant work. Tr. 693 and 707.

**Step five:** Considering the Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Mr. Granville can perform, such as laundry folder, garment sorter, and house cleaner. Tr. 694 and 707. Therefore, Mr. Granville is not disabled. Tr. 695 and 707.

## VII.   ISSUES ON APPEAL

Plaintiff now challenges the Appeals Council's/ALJ's opinion on the following bases:

1. The ALJ improperly evaluated the medical evidence;

2. The ALJ improperly evaluated Mr. Granville's testimony;

3. The ALJ improperly evaluated the lay evidence; and

    4.   The ALJ improperly assessed Mr. Granville's residual functional capacity, erring by basing his step five finding on his erroneous residual functional capacity assessment.

Dkt. #12 at 2. As a result, Plaintiff asks the Court to remand this matter with an Order directing an immediate award of benefits. *Id.*

## VIII.   DISCUSSION

### A. The ALJ's Assessment of the Medical Evidence

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*. The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id*.; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id*. at 830-31; *Tonapetyan*, 242 F.3d at 1149. "In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, legitimate reasons that are supported by substantial evidence in the record." *Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester, supra*, 81 F.3d at 831).

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 8

In this case, Plaintiff argues that the ALJ failed to properly evaluate the opinions and findings of Drs. Rebecca Renn, Terilee Wingate, Christopher Yee, and Tasmyn Bowes. Dkt. #12 at 3-9. Plaintiff further argues that the ALJ gave improper weight to nonexamining physician Robert Hoskins. *Id.* at 12-13. For the reasons discussed herein, the Court agrees.

*1. Examining Physician Dr. Rebecca Renn*

Plaintiff first argues that the ALJ failed to properly evaluate the opinion of examining physician Rebecca Renn, M.D. Dkt. #12 at 3-4. Plaintiff argues that the ALJ gave "significant weight" to Dr. Renn's opinion regarding Plaintiff's limitations, but then failed to include those limitations in his RFC assessment.

The ALJ gave "significant weight" to Dr. Renn's opinion that Plaintiff had no significant, or only a mild limitation, in social interaction, understanding, and adaption; and moderate limitations in sustaining concentration, persistence, or pace. Tr. 691. On review, the Appeals Council noted that Dr. Renn provided an opinion that Plaintiff was moderately limited in some areas, such as the ability to complete a normal workday/week, which was defined as meaning his limitation seriously interferes with his ability to perform the activity. Tr. 705. The Council then concluded that such limitation is "not necessarily work preclusive" because Dr. Renn indicated the limitation is moderate rather than marked, which is defined as work preclusive. *Id.*

The Court agrees that whether the limitation is "work preclusive" is not the issue. Dr. Renn opined that Plaintiff's limitations would seriously interfere with his: ability to maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, sustain an ordinary routine without special supervision, and complete a normal workday and workweek without

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 9

interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods. Tr. 291. However, despite the fact that the ALJ stated he was giving "significant weight" to these opinions, he then found that Plaintiff was limited to simple, routine tasks, with few, if any changes in routines or setting. Tr. 685-86. The Commissioner argues that this was a reasonable translation of Dr. Renn's opinion to specific job-related restrictions. Dkt. #13 at 4-5 (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). The Court disagrees.

"The ALJ is responsible for translating and incorporating clinical findings into a succinct [residual functional capacity]." *Rounds v. Commissioner of Social Security Administration*, 795 F.3d 1177 (9th Cir. 2015). In other words, when a medical opinion is not expressed in terms of concrete functional limitations, an ALJ is allowed to "translate" the medical opinion into concrete limitations consistent with that opinion. *See Stubbs-Danielson* 539 F.3d at 1174. However, an ALJ cannot translate clinical findings in a vacuum. The Ninth Circuit has indicated an ALJ may properly translate the non-specific limitations of one physician by using the concrete limitations opined to by another acceptable medical source. *See Stubbs-Danielson*, 539 F.3d at 1174 ("The ALJ translated Stubbs-Danielson's condition . . . into the only concrete restrictions available to him – [The State Agency Medical Consultant's] recommended restriction to 'simple tasks.'"). In this case, neither the Appeals Council, the ALJ nor the Commissioner cite to any acceptable medical source's opinion or clinical findings in the record consistent with restricting the RFC to only the limitation of "simple, routine tasks, with few, if any, changes in routines or setting."

In unpublished opinions, the Ninth Circuit Court of Appeals has held that when an ALJ finds a moderate limitation in concentration, persistence, or pace, the ALJ must include that

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 10

limitation in the claimant's RFC.  *See* Betts v. Colvin, 531 Fed. Appx. 799, 800 (9th Cir. 2013) (holding that the ALJ erred in disregarding aspects of an examining physician's opinions, to which the ALJ gave the "greatest weight," without providing any explanation, and the ALJ's finding regarding the plaintiff's RFC therefore failed to take into account certain limitations identified by the examining physician); *Lubin v. Comm'r of Soc. Sec. Admin.*, 507 Fed. App't 709, 712 (9th Cir. 2013) (finding that the ALJ limiting a claimant to one to three step tasks did not capture the ALJ's finding that the claimant had moderate limitations in concentration, persistence or pace deficiency); *Brink v. Comm'r of Soc. Sec. Admin.*, 343 Fed. Appx. 211, 212-13 (9th Cir. 2013) ("[T]he ALJ's initial hypothetical question to the vocational expert referenced only 'simple, repetitive work,' without including limitations on concentration, persistence or pace.  This was error."); *Williamson v. Comm'r Soc. Sec.*, 438 Fed. App'x 609, 611 (9th Cir. 2011) ("[T]he ALJ erred by not considering Williamson's concentration, pace, and persistence limitations – as attested to by Brending and Dr. Eckstein – in making a residual functional capacity ('RFC') assessment and in questioning the vocational expert ('VE').").

Additionally, this Court, along with other District courts in this Circuit, has issued opinions consistent with these Ninth Circuit cases.  *See Fisher v. Colvin*, 2015 U.S. Dist. LEXIS 133329, *14-15 (W.D. Wash. Sept. 30, 2015); *Lara v. Colvin*, 2015 U.S. Dist. LEXIS 42823, *24-25 (D. Ariz. Mar. 31, 2015); *Ortiz v. Colvin*, 2014 U.S. Dist. LEXIS 113157, *14-16 (C.D. Cal. Aug. 14, 2014).  The Court finds these cases to be of significant persuasive value.

In this case, the ALJ failed to incorporate Plaintiff's limitations identified by Dr. Renn into the assessed RFC.  The ALJ further failed to explain how a restriction to simple, routine tasks accounted for the limitations supported by the medical evidence on which he relied and gave "significant weight."  In doing so, the ALJ erred. *See Craft v. Astrue*, 539 F.3d 668, 678

(7th Cir. 2008) (finding that the ALJ failed to provide an "accurate and logical bridge" between the medical testimony regarding mental limitations and the restriction to unskilled work). Moreover, an error in the residual functional capacity finding necessarily impacts the ALJ's findings at Step Four and Step Five of the sequential evaluation. Therefore, the ALJ's error was not harmless, and requires remand.

    2. *Examining Psychologist Dr.Terilee Wingate*

Plaintiff next challenges the ALJ's assessment of psychologist Terilee Wingate. Dkt. #12 at 4-6. For unknown reasons, the ALJ incorrectly refers to Dr. Wingate as Dr. Kimberly Wheeler. Tr. 691-692. Dr. Wingate found that Plaintiff had moderate limitations in cognitive functioning and marked limitations in social functioning. Tr. 498-505. The ALJ gave Dr. Wingate's opinions "little weight," finding them inconsistent with the record as a whole. Tr. 691. The ALJ also found that Dr. Wingate relied heavily on Plaintiff's testimony, which he found not entirely credible, that her opinions were inconsistent with Dr. Renn's opinions, and that all of the limitations she found to be "marked" were with social factors. *Id.* at 691-692. The ALJ also found that Dr. Wingate failed to consider Plaintiff's history of marijuana use. *Id.* at 692.

The Commissioner provides a summary of the ALJ's findings, apparently believing that those findings were appropriate, but she makes no legal argument as to why the ALJ's assessment should be affirmed. *See* Dkt. #13 at 7-9.

Having reviewed Dr. Wingate's opinions, the Court agrees with Plaintiff that the ALJ does not provide clear and convincing reasons to support his assessment. Dr. Wingate based her opinion on her own observations of Plaintiff. Tr. 505. There is no evidence that she relied "heavily" on Plaintiff's subjective complaints, and her opinions as to her limitations are

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 12

consistent with her clinical findings. Tr. 505-506. While Dr. Wingate did summarize Plaintiff's subjective reports, she also noted overt physical symptoms supporting those complaints. *Id.* Moreover, while the ALJ states that a prior evaluation suggested that Plaintiff had exaggerated in the past, Dr. Wingate actually notes that in her testing Plaintiff may have engaged in mild exaggerations of his complaints and symptoms, but that such conduct is often a "cry for help." *Id.* This actually supports her opinions. Further, Dr. Wingate's opinion is not meaningfully inconsistent with Dr. Renn's opinions. Accordingly, the Court finds that the ALJ's analysis of her opinions is not supported by substantial evidence in the record and is in error.

   3. *Treating Physician Dr. Christopher Yee*

Plaintiff also objects to the ALJ's assessment of treating physician Dr. Christopher Yee. Dkt. #12 at 6-7. Dr. Yee opined on Plaintiff's physical limitations, which the ALJ gave "little weight." Tr. 691. The ALJ found Dr. Yee's opinions to be inconsistent with Plaintiff's physical exams and activities. *Id.* The ALJ also found that Dr. Yee had placed too much emphasis on Plaintiff's less than credible complaints. *Id.* The ALJ also found that Dr. Yee's opinion was more limiting than that of the State Agency physician, Dr. Hoskins (whom the ALJ often incorrectly references as Dr. Gaffield). *Id.* The Commissioner argues that all of these reasons are clear and convincing, and that the ALJ appropriately discounted Dr. Yee's opinions. Dkt. #13 at 5-7. The Court disagrees.

Dr. Yee based his limitations on his clinical observations of Plaintiff on a regular basis for more than one year, and on his analysis of Plaintiff's depression tests. Tr. 546-591. He noted on several occasions that Plaintiff was agitated, hyperactive, anxious and depressed and that he was not fit for working at that time. *Id.* Dr. Yee also opined that Mr. Granville had

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 13

numbness with repetitive motions, and that fluorescent lights made him suffer from headaches. Tr. 534. The ALJ's conclusion that Dr. Yee's limitations are inconsistent with his examinations is not supported by the record. Moreover, the ALJ's reliance on Dr. Hoskin's opinion is in error, as further discussed below. Accordingly, the Court finds that the ALJ's analysis of Dr. Yee's opinions is in error.

*4. Examining Psychiatrist Tasmyn Bowes*

Plaintiff next objects to the ALJ's assessment of examining psychiatrist Tasmyn Bowes' opinions. Dkt. #12 at 7-9. After an October 31, 2012, evaluation, Dr. Bowes opined that Plaintiff had marked limitations in his ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, and complete a normal workday and work week without interruptions from psychologically based symptoms. Tr. 651. She further found that Plaintiff was moderately limited in his ability to communicate and perform effectively in a work setting and maintain appropriate behavior in a work setting. *Id.* The ALJ gave "little weight" to these opinions on the basis that she placed too much reliance on Plaintiff's subjective allegations, that her opinions were inconsistent with the record as a whole, and because they were inconsistent with Plaintiff's activities. Tr. 691-692. As with Dr. Wingate's opinions, the Commissioner provides a summary of the ALJ's findings, apparently believing that those findings were appropriate, but she makes no legal argument as to why the ALJ's assessment should be affirmed. *See* Dkt. #13 at 9-10.

The ALJ fails to provide specific reasons to reject Dr. Bowes' opinions, particularly in light of this Court's opinion with respect to the ALJ's erroneous assessment of Dr. Renn's, Dr. Wingate's, Dr. Yee's and Dr. Hoskins' opinions, and the questionable assessment of Plaintiff's credibility. Therefore the Court finds the ALJ's assessment of Dr. Bowes' opinions in error.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 14

### 5. *Non-Physician Robert Hoskins*

Plaintiff also objects to the ALJ's assessment of non-physician Robert Hoskins' opinions. Dkt. #12 at 12-13. Mr. Hoskins states that "the evaluation of 6/25/08 is affirmed." Tr. 215. The ALJ, who erroneously states that Mr. Hoskins is a doctor and medical consultant, and also intermittently and incorrectly references him as Dr. Gaffield, gave "significant weight" to Mr. Hoskins' opinions as to exertional limitations. Tr. 690-691. The ALJ also states that he is not accepting Mr. Hoskins' opinion with respect to limited handling, because he believes a limitation on fingering is more appropriate. *See* Tr. 210 and 691. It is not clear what the ALJ based that statement on, as he refers to Dr. Gaffield rather than Mr. Hoskins. Tr. 691. Plaintiff asserts that the ALJ is actually referring to another non-physician, Wayne Rhodes. Dkt. #12 at 12. Given the plethora of errors in the assessment of Mr. Hoskins' evaluation, and the fact that Mr. Hoskins did not review any records after October of 2008, the Court finds the ALJ's assessment in error. Moreover, given the ALJ's reliance on Mr. Hoskins when evaluating the other medical opinions discussed above, the Court finds the ALJ's assessment to be harmful error.

### 6. *The ALJ's Assessment of Plaintiff's Credibility*

Plaintiff next argues that the ALJ improperly evaluated Mr. Granville's testimony, particularly in light of the medical evidence in the record. Dkt. #12 at 9-12 and 13-17. The ALJ found Plaintiff not entirely credible, finding his complaints inconsistent with his reported activities. Tr. 689-690. The Court has already concluded that the ALJ erred in reviewing the medical evidence, which will result in remand as discussed herein. A determination of a claimant's credibility relies in part on the assessment of the medical evidence, which must be

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 15

evaluated anew upon remand. *See* 20 C.F.R. § 404.1529(c). Therefore, for this reason, Plaintiff's credibility should be assessed anew following remand of this matter.[5]

### B. Evaluation of Lay Witness Testimony

The Court now turns to Plaintiff's argument that the ALJ erred by improperly discounting the testimony of lay witnesses Susie Seip and Gary Ohlinger. Dkt. #12 at 17-18. These witnesses presented statements about Plaintiff's performance and attendance when he worked for them. Tr. 693. With respect to Ms. Seip, the ALJ gave little weight to her statement because she failed to adequately detail Plaintiff's diminished abilities. *Id.* He also found that during the time Plaintiff worked for Ms. Seip, Plaintiff had pressures beyond the simple tasks set forth in the ALJ's RFC. *Id.* With respect to Mr. Ohlinger, the ALJ apparently dismissed the absences/tardiness discussed by Mr. Ohlinger as not being related to Plaintiff's medical issues because the ALJ found Plaintiff's testimony about his activities to be inconsistent with his complaints about medical concerns. Given this Court's conclusions about the medical testimony above and the ALJ's RFC assessment below, the Court finds the ALJ's assessment of the lay witness testimony in error, and such testimony should be assessed anew on remand.

### C. The ALJ's RFC Assessment and Step 5 Analysis

Given the Court's findings above, the Court does not reach Plaintiff's arguments regarding the ALJ's RFC assessment and his Step Five analysis, as these analyses may change after further proceedings pertaining to the errors identified above.

### D. Remand for Further Proceedings

---

[5] Plaintiff summarizes numerous medical opinions in the record and then asserts in conclusory manner that the ALJ erred by failing to acknowledge that such evidence supports Mr. Granville's testimony. Dkt. #12 at 9-13. Given that this Court is remanding this matter, in part for a new credibility determination, the Court will not address that evidence now; rather, Plaintiff is free to present arguments regarding that evidence to the ALJ on remand.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 16

Finally, the Court addresses Plaintiff's argument that his matter should be remanded for immediate benefits rather than for further proceedings. Dkt. # 12 at 19. Plaintiff argues that he meets the "credit-as-true" test and therefore this Court should direct an award of benefits. *Id.* The Commissioner argues that the "credit-as-true" rule supports an award of benefits in only narrow circumstances, and it is more appropriate to remand this matter for further administrative proceedings. Dkt. #13 at 18. The Court agrees with the Commissioner that further proceedings would be useful in this matter and therefore finds it appropriate to remand for further proceedings.

## IX.     CONCLUSION

For the foregoing reasons, the Commissioner's decision is REVERSED and the case is REMANDED for further administrative proceedings consistent with this Order. On remand, the ALJ shall reevaluate the medical and other opinion evidence, Mr. Granville's RFC, his credibility and, if necessary, steps two, three, four and five of the five step sequential evaluation.

Plaintiff may choose to re-contact the treating and examining sources for updated records and other medical source statements and obtain additional medical and vocational expert testimony to present at the hearing.

DATED this 24 day of August, 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 17